## BALDWIN LAW PUB. CO. v. MOG.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

No. 4404.

1. **Attorney and client ⊂⊃72—Evidence held to show counsel authorized to make settlement on terms named in agreement.**

Evidence *held* to show that plaintiff, in copyright infringement suit, authorized its counsel to enter into agreement of settlement on terms and conditions named therein, pursuant to which suit was dismissed.

2. **Dismissal and nonsuit ⊂⊃81 (5)—Possible invalidity of settlement agreement, pursuant to which suit was dismissed, held not ground for vacating order of dismissal.**

Invalidity, if any, of settlement agreement in copyright infringement suit, pursuant to which suit was dismissed, arising from plaintiff's promise therein not to oppose any action of prosecuting attorney in reference to dismissing indictments then pending which grew out of, and were based on alleged infringement, *held* not ground for vacating order dismissing bill; court being entitled to presume that contract of settlement was lawful.

3. **Dismissal and nonsuit ⊂⊃81 (5)—Decree dismissing action not vacated because of subsequent dispute between litigant and counsel or invalidity of settlement agreement.**

Decree dismissing action entered at request of parties, on representations that cause was settled, will not be vacated merely because a dispute has arisen between one of litigants and his counsel as to fees, or because settlement agreement contains terms in violation of law.

Appeal from the District Court of the United States for the Eastern Division of the Southern District of Ohio; John E. Sater, Judge.

Copyright infringement suit by the Baldwin Law Publishing Company against Karl Mog, wherein the bill of complaint was dismissed and temporary injunction dissolved, on representation of counsel for both parties that settlement had been effected. From a decree overruling a motion and supplemental motion to vacate and set aside the dismissal, plaintiff appeals. Affirmed.

On March 6, 1923, an action was commenced in the District Court by the Baldwin Law Publishing Company, an Ohio corporation, against Karl Mog, charging infringement of a copyright, owned by the plaintiff, of a publication known as the "General Code of the State of Ohio," and generally known and referred to as "Throckmorton's Code," and praying for an injunction and accounting.

On October 25, 1923, an order was entered by the court dismissing the bill of complaint, dissolving the temporary injunction, and releasing a writ of seizure for certain books described in the complaint, upon the representation of counsel for the respective parties that the matters in dispute had been settled to their accord and satisfaction. On November 16, 1923, the Baldwin Law Publishing Company, through its president, W. E. Baldwin, filed a motion to vacate and set aside the alleged settlement, and to vacate the order and judgment of the court based thereon, for the reason that plaintiff had not consented to any such settlement, and that counsel representing the plaintiff was wholly without authority to make the same. Upon the hearing of this motion, it appeared from the testimony of Forrest F. Smith that, as a condition of the settlement, it was agreed and promised on the part of the plaintiff that it would not oppose such action as the prosecuting attorney of Hamilton county and the district attorney of the federal court might see fit to take in reference to dismissing indictments then pending in the Hamilton county common pleas court and the federal court of the Southern district of Ohio, Western division, which indictments grew out of and were based upon the alleged infringement of plaintiff's copyright. Thereupon a supplemental motion was filed by plaintiff, in which it is alleged that plaintiff had no knowledge, prior to the time this testimony was given, that the settlement contained any such provision or agreement, and urged this as an additional ground for vacating and setting aside the judgment.

The District Court, upon consideration of all the evidence, overruled the motion and supplemental motion to vacate, and set aside the former judgment and decree, and dismissed the same at plaintiff's cost. The plaintiff appeals.

Smith W. Bennett, of Columbus, Ohio, for appellant.

Stuart R. Bolin, of Columbus, Ohio, for appellee.

Forrest F. Smith, of Columbus, Ohio, in pro. per.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. [1] While there is a direct conflict in the testimony material to the issues presented by these motions, nevertheless it appears by a clear preponderance of the evidence that the plaintiff company authorized its counsel to enter into the agreement of settlement upon the terms and conditions named therein, and that substantially the only complaint made by the plaintiff through its president, Baldwin, after the decree was entered, was in reference to the fee charged by its counsel, which fee plaintiff considered excessive. This conclusion naturally follows from the testimony of the witnesses Atkinson and Hogan, to the effect that a few days after plaintiff had been notified of the settlement, and advised that the fees of its counsel would be $1,500, Baldwin, the president of the company, called at the office of Atkinson, Smith & Hogan, in the absence of Mr. Smith, and, without making any other objection to the settlement, said to Mr. Hogan, in the presence of Mr. Atkinson: "Why, Mr. Hogan, do you think I would have accepted this settlement had I known your fees were to be that size?" This testimony is not denied by the plaintiff, and was evidently believed by the District Court.

[2, 3] It is further contended on the part of the appellant that this agreement was wholly void, in that it contained a provision for compounding, abandoning, or agreement to abandon, a criminal prosecution already commenced. However that may be, it cannot affect the disposition of these motions. Litigants may not trifle with courts. When the court is informed that the matter in controversy has been settled and adjusted by the parties themselves, and the terms and conditions are not disclosed, the court has a right to presume that such contract of settlement is lawful.

A decree dismissing the action, made and entered at the request, and with the consent, of the parties, and upon the representations that the cause is settled and adjusted, will not be vacated merely because a dispute has later arisen between one of the litigants and his counsel as to fees; nor will the decree be vacated because the contract of settlement contains terms and provisions in violation of law. In such event, the court will leave the

parties where they have placed themselves by their own illegal contract.

For the reasons stated, and without expressing or intending to express any opinion as to the legality or illegality of this contract of settlement, the decree of the District Court is affirmed.